738 P.2d 368

CONTINENTAL INSURANCE COMPANY, Plaintiff/Appellee,

v.

ASARCO, INCORPORATED, Defendant/Appellant.

No. 2 CA–CV 5991.

Court of Appeals of Arizona, Division 2, Department B.

May 5, 1987.

---

498

Crampton, Woods, Broening & Oberg by Kenneth C. Miller, Phoenix, for plaintiff/appellee.

Bilby & Shoenhair by David A. Paige, Tucson, for defendant/appellant.

## OPINION

LIVERMORE, Presiding Judge.

Van Dyke's Western Construction Company, insured by plaintiff Continental Insurance Company, entered into a contract with defendant Asarco, Inc., to assemble bents and trusses for a conveyor belt at Asarco's Sacaton mine. The bents and trusses had already been purchased by Asarco from a fabricator. Because of Van Dyke's negligence the nearly-assembled structure collapsed, damaging both the bents and trusses used in the assembly and a pre-existing structure to which the newly-assembled structure was attached. Continental prevailed by way of summary judgment in a declaratory judgment action as to the applicability of certain exclusionary clauses in its policy with Van Dyke's precluding recovery for damage to the bents and trusses and pre-existing structure. This appeal followed. We reverse.

The first exclusion on which Continental relies is for property damage to "property in the custody of the insured which is to be installed, erected or used in construction by the insured." The parties agree that this exclusion applies only if the property was exclusively in the control of Van Dyke's. Because Van Dyke's never had control of the pre-existing structure and because the contract between Van Dyke's and Asarco gave Asarco substantial retained control over the project, control which was exercised on at least one occasion to require additional bracing, it is clear that neither the pre-existing structure nor the bents and trusses were in Van Dyke's exclusive control. See generally Annot., 8 A.L.R. 4th 563 (1981); Home Indemnity Co. v. Leo L. Davis, Inc., 79 Cal.App.3d 863, 145 Cal. Rptr. 158 (1978). We note also that the exclusion uses the phrase "is to be" rather than "is to be, is being, or has been." That phrase speaks to the future, to property that will be used in construction. The property damaged in this case had already been "installed, erected or used in construction by the insured." Thus, the exclusion plainly does not apply.

The second exclusion on which Continental relies is for property damage to property "the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured." The faulty workmanship in this case related to the assembly of the conveyor belt structure; there was no faulty workmanship on the bents or trusses or on the pre-existing structure. The repair or replacement of that property was necessitated not by faulty workmanship on it but by the collapse of a structure erected with faulty workmanship. Beyond this literal reading of the facts and the exclusion, the parties agree that the purpose of the exclusion is to deny coverage for performance of the contract but to provide it for harm external to the contracted-for performance. See Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 405 A.2d 788 (1979); Henderson, Insurance Protection for Products Liability and Completed Operations—What Every Lawyer Should Know, 50 Neb.L.Rev. 415, 441 (1971). Applying that rationale to this case, what is excluded is the cost of reassembling the fallen structure, not the damage to Asarco's property.

Because neither exclusion applies, Asarco's cross-motion for summary judgment should have been granted. The judgment in favor of Continental is reversed and the matter is remanded for further proceedings. On remand, the trial court may determine whether attorneys' fees should be awarded to Asarco. Asarco is awarded its attorneys' fees on appeal in an amount to be determined upon the filing of the statements required by Rule 21, Arizona Rules of Civil Appellate Procedure, 17A A.R.S.

HOWARD and FERNANDEZ, JJ., concur.